FILED

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 OCT 20 PM 12: 24

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

DIANA MEY, individually and on behalf of a
class of all persons and entities similarly situated,

Plaintiff,

vs.                                    Case No. 6:16-CV-1823-ORL-18-DCI

FESTIVA DEVELOPMENT GROUP, INC., and
ALLEN MARKETING GROUP, INC.

Defendants.

## CLASS ACTION COMPLAINT

**Preliminary Statement**

1. Plaintiff Diana Mey brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Ms. Mey alleges that Defendant Allen Marketing Group, Inc. ("Allen Marketing") sent her and other putative class members automated telemarketing calls without her prior express written consent. They did so pursuant to an agreement with Festiva Development Group, Inc. ("Festiva") who hired them to generate new business, and did so with Festiva's knowledge that they would be telemarketing.

3. Because the call to Ms. Mey was transmitted using technology capable of generating thousands of similar calls per day, Ms. Mey sues on behalf of a proposed nationwide class of other persons who received illegal telephone calls from Allen Marketing.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Diana Mey resides in West Virginia.

6. Defendant Festiva Development Group, Inc. is a Nevada Corporation with an Orlando headquarters that transacts business throughout the United States, including into this District. Its registered agent is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

7. Defendant Allen Marketing Group, Inc. is a Utah based corporation that transacts business throughout the United States, including into this District. Its registered agent is Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, UT 84133.

**Jurisdiction & Venue**

8. This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA"), codified as 28 U.S.C. § 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiffs allege a national class, which will result in at least one Class member from a different state.

9. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls

2

were contracted from this District, and several putative class members reside in this District. Finally, venue is proper under 28 U.S.C. § 1391(b)(1) because the defendants residesin this judicial district.

### Statutory Background

11.  In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.  The TCPA regulates the use of automated telephone equipment, or "autodialers."

13.  Specifically, Section 227(b)(1)(A)(iii) of the TCPA prohibits the use of autodialers to make any call to a wireless number absent an emergency or the prior express consent of the called party.

14.  According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[2]

16.  On January 4, 2008, the FCC released a Declaratory Ruling where it confirmed that autodialed and prerecorded message calls to a wireless number are permitted only if the calls are made with the "prior express consent" of the called party.[3]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 (¶ 165) (2003).

3

## Factual Allegations

17. Plaintiff Mey is a "person" as defined by 47 U.S.C. § 153(39).

**Calls from Allen Marketing**

18. On September 17 and 23, 2016 the Plaintiff received multiple automated calls from Allen Marketing to (304) 242-XXXX, a cellular telephone number that has been on the National Do Not Call Registry for more than 31 days prior to the calls at issue.

19. The following facts indicate the calls were placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1):

 a. The geographic location between the Plaintiff and the Defendant indicates that the calling was done through a nationwide *en masse* telemarketing campaign;

 b. Allen Marketing manipulated the Caller ID number to make it appear as a local number, which is typically done in an automated telemarketing campaign;

 c. On the calls from Allen Marketing to the Plaintiff there was a distinctive click and pause before a live human operator came on the line;

20. The Plaintiff was harmed by these calls because they were unwelcome intrusions on her privacy that occupied her telephone line from legitimate communications.

21. Through both the scripted pitch telephone and e-mail communications, Allen Marketing attempted to sell the Plaintiff Festiva's vacation services.

---

[3] *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Declaratory Ruling, 23 FCC Rcd 559, 564-65 (¶ 10) (2008) ("2008 FCC Declaratory Ruling").

**Festiva's Liability and its Arrangement with Allen Marketing**

22. Festiva is a "person," as defined by 47 U.S.C. § 153(39).

23. The Federal Communication Commission has instructed that sellers such as Festiva may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

24. In the January 4, 2008 ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

25. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

26. Allen Marketing made the autodialed calls described herein "on behalf of" Festiva within the meaning of the FCC's Declaratory Rulings and 47 U.S.C. § 227(c)(5).

27. During one of the telemarketing calls Allen Marketing group mentioned "our" properties, while listing properties that Festiva owns.

28. On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of . . . section 227(b) . . . that are committed by third-party telemarketers."[4]

29. The May 2013 FCC Ruling held that, even absent evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

30. The FCC has rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id.* at 6587 n. 107.

31. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is

---

[4] *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, CG Docket No. 11-50, Declaratory Ruling, 28 FCC Rcd 6574, 6574 (¶ 1) (May 9, 2013) ("May 2013 FCC Ruling").

6

otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

28 C Rcd at 6592 (¶ 46)

32. Festiva is directly liable for the Allen Marketing telemarketing calls because it actively participated in those calls through the guidelines it required Allen Marketing to follow;

33. Festiva requires third parties like Allen Marketing to represent the company to consumers, including non-customers.

34. Festiva knowingly and actively accepted business that originated through the illegal telemarketing calls from Allen Marketing.

35. Festiva maintains interim control over its agents' actions, both as to telemarketing and other activities by directing the content of their agents' advertising as well as approving the scripting that is used.

36. Festiva knew (or reasonably should have known) that Allen Marketing was violating the TCPA on its behalf, and failed to take effective steps within their power to force the telemarketer to cease that conduct.

37. In fact, in May of 2014 the State of Florida entered into an assurance of Voluntary Compliance with the State of Florida, which required compliance with the TCPA. As such, Festiva was on explicit notice of the TCPA's requirements prior to the calls being placed to Ms. Mey and many other putative class members.

38. Festiva gave their agents substantial power to affect their legal relations with third parties, including Allen Marketing and consumers.

39. By hiring Allen Marketing to make calls on behalf of its agents to generate new business, Festiva "manifest[ed] assent to another person . . . that the agent shall act on the

7

principal's behalf and subject to the principal's control" as described in the Restatement (Third) of Agency. Similarly, by accepting these contacts, Allen Marketing "manifest[ed] assent or otherwise consent[ed] . . . to act" on behalf of Festiva, as described in the Restatement (Third) of Agency. Allen Marketing is an agent of Festiva.

40. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46). Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

### Class Action Allegations

41. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of all other persons or entities similarly situated throughout the United States.

42. The class of persons Plaintiff proposes to represent include:

CLASS 1:

> All persons within the United States who received a non-emergency telephone call from Allen Marketing placed to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice at any time four years prior to the filing of the Complaint through the date of certification.

CLASS 2:

> All persons within the United States who received a non-emergency telephone call by, or on behalf of, Festiva placed to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice from four years prior to the filing of the Complaint through the date of certification.

CLASS 3:

> All persons within the United States whose phone numbers were registered on the Do Not Call Registry for at least 31 days, and who, within the four years before the filing of the

8

initial Complaint through the date of certification, received more than one telemarketing call within any twelve-month period from Allen Marketing Group, or any third party calling on their behalf.

CLASS 4:

All persons within the United States whose phone numbers were registered on the Do Not Call Registry for at least 31 days, and who, within the four years before the filing of the initial Complaint through the date of certification, received more than one telemarketing call within any twelve-month period from Festiva, or any third party calling on their behalf.

43. Excluded from the class are the Defendants, any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

44. The proposed class members are identifiable through phone records and phone number databases.

45. The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

46. Plaintiff is a member of the classes.

47. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to :

    a. Whether the Defendants used an ATDS to send telemarketing calls;

    b. Whether the Defendants placed telemarketing calls without obtaining the recipients' valid prior express written consent;

    c. Whether the Defendants' violations of the TCPA were negligent, willful, or knowing; and

    d. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendants' actions.

9

Case 6:16-cv-01823-PGB-DCI   Document 1   Filed 10/20/16   Page 10 of 13 PageID 10

48. Plaintiff's claims are based on the same facts and legal theories, and therefore are typical of the claims of class members.

49. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

50. The actions of the Defendants are applicable to the class and to Plaintiff.

51. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

52. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

53. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### Legal Claims

**Count One:
Violation of the TCPA's provisions prohibiting
autodialer and prerecorded message calls to cell phones**

54. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

55. The Defendants violated the TCPA by (a) initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone numbers assigned to a

10

cellular telephone service, or (b) by the fact that others caused the initiation of those calls on its behalf. *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

56.     The Defendant's violations were negligent and/or knowing.

### Count Two:
### Violation of the TCPA's Do Not Call Provision

57.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

58.     The Defendants violated the TCPA by (a) initiating more than one telephone call to the Plaintiff in a twelve month period while her number was on the National Do Not Call Registry (b) by the fact that others caused the initiation of those calls on its behalf. *See* 47 U.S.C. § 227(c).

59.     The Defendants violations were negligent and/or knowing.

### Relief Sought

WHEREFORE, Plaintiff, on its own behalf and on behalf of the members of the Classes, request judgment against Defendants as follows:

A.     That the Court certify the proposed Classes;

B.     That the Court appoint Plaintiff Class representative;

E.     That the Court appoint the undersigned counsel as counsel for the Class;

F.     That the Court enter a judgment permanently enjoining the Defendants from engaging in or relying upon telemarketing, or, alternatively, from engaging in or relying upon telemarketing that violates the TCPA;

G.     That, should the Court permit Defendants to engage in or rely on telemarketing, it enter a judgment requiring them to adopt measures to ensure TCPA compliance, and that the

Court retain jurisdiction for a period of six months to ensure that the Defendants comply with those measures;

H.   That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendants' compliance with the TCPA;

I.   That the Court enter a judgment finding that Defendants is jointly and severally liable to Plaintiff and all class members for all violations arising from the calls;

J.   That Defendants and their agents, or anyone acting on their behalves, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

K.   That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation;

L.   That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

M.   That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: October 12, 2016.

Plaintiff,<br>
By Counsel,<br><br>
_____<br>
Scott D. Owens<br>
scott@scottdowens.com<br>
SCOTT D. OWENS, P.A.<br>
3800 S. Ocean Dr., Ste. 235

Edward A. Broderick
Anthony Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*